IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 2 3 2006

Michael N. Milby, Clerk

| | |
|---|---|
| THE FORREST GROUP, INC., § § Plaintiff, § § vs. § § BON TOOL COMPANY, CIBON § INDUSTRIAL and SHANGHAI § HONEST TOOL CO., LTD. § § Defendants. § | CIVIL ACTION NO. H 05-4127 |

## BON TOOL COMPANY'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant, Bon Tool Company, through its attorneys, hereby files its original answer, affirmative defenses, and counterclaim to the Complaint by The Forrest Group, Inc. (hereinafter referred to as the "Forrest Group").

## ANSWER

Defendant, Bon Tool Company, answers the Complaint as follows:

1.  Bon Tool Company admits that the Complaint purports to state claims under the patent laws of the United States in paragraph 1, but denies that Forrest Group has any such claim or that any such claim is justified.

2.  The allegation set forth in paragraph 2 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Bon Tool Company denies the allegation in paragraph 2 of the Complaint and puts Forrest Group to its proof.

Original Answer, Affirmative Defenses, Counterclaim/Bon Tool Company – Page 1

3. The allegation set forth in paragraph 3 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Bon Tool Company denies the allegation in paragraph 3 of the Complaint and puts Forrest Group to its proof.

4. The allegation set forth in paragraph 4 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Bon Tool Company denies the allegation in paragraph 4 of the Complaint and puts Forrest Group to its proof.

5. With respect to Forrest Group's claim against Bon Tool Company, Bon Tool Company denies that the amount in controversy, set forth in paragraph 5 of the Complaint, exclusive of costs, exceeds the sum of $75,000. Bon Tool Company is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint with regard to Cibon Industrial and Shanghai Honest Tool Co., Ltd. and, therefore, denies same.

6. Bon Tool Company admits that it is a defendant herein and states that it is a company incorporated in the Commonwealth of Pennsylvania, not the State of Texas. Bon Tool Company is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint regarding Cibon Industrial and Shanghai Honest Tool Col Ltd. and, therefore, denies same. Bon Tool Company denies it is indebted to Forrest Group, as alleged in paragraph 6.

7. Bon Tool Company admits that United States Patent No. 5,645,515 (hereinafter "the '515 patent'") shows on its face that it is entitled "Stilt System" and that it issued on July 8, 1997, as alleged in paragraph 7 of the Complaint. Bon Tool Company denies that the '515 patent issued to William D. Armstrong, as alleged in paragraph 7 of the Complaint, and avers that the '515 patent shows on its face that it issued to joint inventors William D. Armstrong and Joe Lin. Bon Tool Company admits that a copy of the '515 patent was attached as Exhibit 1 to the Complaint, as alleged in paragraph 7 of the Complaint.

8. Bon Tool Company denies on information and belief that all rights under the '515 patent have been assigned to Forrest Group and denies on information and belief that Forrest Group is the current owner of the '515 patent, as alleged in paragraph 8 of the Complaint.

9. Bon Tool Company denies on information and belief that Forrest Group has commercially exploited the '515 patent, Bon Tool Company denies on information and belief that Forrest Group has manufactured stilts constructed as described in any claim of the '515 patent, and Bon Tool Company denies on information and belief that Forrest Group has sold stilts constructed as described in any claim of the '515 patent, as alleged in paragraph 9 of the Complaint. Bon Tool Company is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint regarding each stilt manufactured by Forrest Group being packaged in a container with a label marked "Patent No. 5,645,515" and therefore denies that allegation.

10.     Bon Tool Company denies on information and belief that Forrest Group has notified Bon Tool Company of the alleged infringement referred to in paragraph 10 of the Complaint. Bon Tool Company denies on information and belief that Forrest Group has demanded that Bon Tool Company cease the alleged infringement referred to in paragraph 10 of the Complaint. Bon Tool Company denies on information and belief that it has refused to cease the alleged infringement referred to in paragraph 10 of the Complaint.

11.     Bon Tool Company denies that it has offered for sale products that violate the '515 patent, as alleged in paragraph 11 of the Complaint.

12.     Bon Tool Company is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, denies same and puts Forrest Group to its proof.

13.     Bon Tool Company denies that it has offered for sale or sold products that violate the '515 patent in the State of Texas, as alleged in paragraph 13 of the Complaint.

14.     Bon Tool Company admits that Bon Tool Company sells a stilt that does not include a resiliently lined yoke. Bon Tool Company denies the remaining allegations of paragraph 14 of the Complaint and puts Forrest Group to its proof regarding those allegations.

15.     Bon Tool Company denies the allegations of paragraph 15 of the Complaint and puts Forrest Group to its proof regarding those allegations.

16. Bon Tool Company denies the allegations of paragraph 16 of the Complaint and puts Forrest Group to its proof regarding those allegations.

17. Bon Tool Company denies the allegations of paragraph 17 of the Complaint and puts Forrest Group to its proof regarding those allegations.

18. Bon Tool Company denies the allegations of paragraph 18 of the Complaint and puts Forrest Group to its proof regarding those allegations.

19. Bon Tool Company denies the allegations of paragraph 19 of the Complaint and puts Forrest Group to its proof regarding those allegations.

20. Bon Tool Company denies the allegations of paragraph 20 of the Complaint and puts Forrest Group to its proof regarding those allegations.

## **AFFIRMATIVE DEFENSES**

By and for its affirmative defenses, Bon Tool Company states:

### **FIRST AFFIRMATIVE DEFENSE**

Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '515 patent and each of its claims is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### **SECOND AFFIRMATIVE DEFENSE**

Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '515

patent is invalid for failure to file a valid oath or declaration in compliance with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 25, and/or 115.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '515 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. § 133.

### FOURTH AFFIRMATIVE DEFENSE

Bon Tool Company has not used, offered for sale, sold, or imported into the United States the subject matter claimed in any valid claim of the '515 patent and, therefore, has not infringed any valid claim of the '515 patent. Bon Tool Company has furthermore not contributorily infringed, and/or induced infringement of any claim of the '515 patent and is not liable for infringement thereof.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Forrest Group knew or should have known that the design and use of the accused stilt of Bon Tool Company does not infringe any of the claims of the '515 patent and nevertheless brought the present action against Bon Tool Company for the purpose of wrongfully excluding Bon Tool Company from the market for stilts. Accordingly, Forrest Group's claim for

relief is barred by the doctrine of unclean hands and, by initiating and maintaining the present action, Forrest Group has engaged in patent misuse and vexatious litigation barring Forrest Group from any relief herein.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, prosecution history estoppel applies to preclude Forrest Group's reliance on the doctrine of equivalents.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '515 patent is unenforceable.

### COUNTERCLAIM

Bon Tool Company, through its attorneys, hereby alleges as follows:

1. The Plaintiff in this counterclaim is Bon Tool Company.

2. The Defendant in this counterclaim is The Forrest Group, Inc.

3. This counterclaim arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, under 35 U.S.C. § 292 for false marking, under 15 U.S.C. § 1125 for false representation, and for attempted monopolization arising under Section 2 of the Sherman Act, Title 15, United States Code.

4. This counterclaim is for a Declaratory Judgment declaring the '515 patent invalid, unenforceable, and/or not infringed by Bon Tool Company arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*; for false marking

under 35 U.S.C. § 292; for false representation under 15 U.S.C. § 1125; and for monopolization and attempted monopolization arising under Section 2 of the Sherman Act, Title 15, United States Code.

5. Jurisdiction of this Court over Counts I, II, and III of this counterclaim are based upon 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and upon Rule 13 of the Federal Rules of Civil Procedure. Jurisdiction of this Court over Count IV of this Counterclaim is based upon 15 U.S.C. § 4 (equitable relief), 15 U.S.C. § 15 (treble damage relief), 15 U.S.C. § 26 (equitable relief), and 28 U.S.C. §§ 1331 and 1337, and upon Rule 13 of the Federal Rules of Civil Procedure.

6. Venue in this Court is proper pursuant to 15 U.S.C. §§ 15, 22, and 26 and 28 U.S.C. § 1391, and Forrest Group, by virtue of having brought suit against Bon Tool Company, has submitted itself to the jurisdiction of this Court.

## COUNT I OF COUNTERCLAIM

### DECLARATION OF INVALIDITY, UNENFORCEABILITY, AND NON-INFRINGEMENT

7. The allegations of paragraphs 1-6 of these Counterclaims are incorporated herein by reference as though fully set forth herein.

8. Forrest Group claims to be the owner of the '515 patent and has brought suit against Bon Tool Company herein for alleged infringement of said patent.

9. An actual case or controversy exists between Forrest Group and Bon Tool Company based upon Forrest Group having filed the Complaint against Bon Tool Company.

10. Bon Tool Company has not used, offered for sale, sold, or imported into the United States the subject matter claimed in any valid claim of the '515 patent and, therefore, has not infringed any valid claim of the '515 patent. Bon Tool Company has furthermore not contributorily infringed, and/or induced infringement of any claim of the '515 patent and is not liable for infringement thereof.

11. During prosecution of the application resulting in the '515 patent, Forrest Group was forced to add limitations to the claims therein in order to obtain allowance thereof.

12. One or more of the limitations that Forrest Group was forced to add during prosecution of the applications resulting in the '515 patent are not present in the accused stilt of Bon Tool Company or its operation, and the design and use of the accused stilt of Bon Tool Company does not infringe any of the claims of the '515 patent.

13. Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, the '515 patent and/or the claims of the '515 patent are invalid, null, void, and/or unenforceable for failure to comply with the conditions and requirements for

patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 25, 101, 102, 103, 112, 115 and/or 133.

14. Bon Tool Company has been injured and damaged by Forrest Group's filing of the Complaint in the present case asserting the '515 patent, a patent that is invalid, unenforceable, and not infringed.

## COUNT II OF COUNTERCLAIM
## FALSE MARKING UNDER 35 U.S.C. § 292

15. The allegations of paragraphs 1-14 are incorporated herein by reference as though fully set forth herein.

16. Upon information and belief, and as will likely be supported by further evidence after a reasonable opportunity for further investigation and discovery, Forrest Group has falsely marked its products and thus violated 35 U.S.C. § 292.

17. Upon information and belief, Forrest Group has marked its stilts by listing the '515 patent directly on its stilts.

18. Upon information and belief, Forrest Group has also marked documentation and packaging associated with the stilts by listing the '515 patent directly on that documentation and packaging.

19. Upon information and belief, the stilts manufactured and sold by Forrest Group listing the '515 patent are unpatented articles under 35 U.S.C. § 292 with respect to the '515 patent.

20. Upon information and belief Forrest Group has knowledge that the stilts manufactured and sold by Forrest Group are unpatented articles under 35 U.S.C. § 292 with respect to the '515 patent and has formed the requisite deceptive intent to establish false marking of its stilts under 35 U.S.C. § 292.

## COUNT III OF COUNTERCLAIM
## FALSE REPRESENTATION UNDER 15 U.S.C. § 1125

21. The allegations of paragraphs 1-20 are incorporated herein by reference as though fully set forth herein.

22. Upon information and belief, and as will likely be supported by further evidence after a reasonable opportunity for further investigation and discovery, Forrest Group has made false representations in its advertisements, packaging and web site by stating that its stilts are patented articles, and thus violated 15 U.S.C. § 1125.

23. Upon information and belief, and as will likely be supported by further evidence after a reasonable opportunity for further investigation and discovery, that false representation deceived or had a tendency to deceive a substantial segment of Forrest Group's audience.

24. Upon information and belief, and as will likely be supported by further evidence after a reasonable opportunity for further investigation and discovery, Forrest Group's deception likely influenced decisions to purchase Forrest Group's stilts.

25. Upon information and belief, and as will likely be supported by further evidence after a reasonable opportunity for further investigation and discovery, Forrest Group caused the false representation to be placed on its advertisements, packaging, and web site and caused its advertisements, packaging, and web site to be placed in interstate commerce.

26. Upon information and belief, and as will likely be supported by further evidence after a reasonable opportunity for further investigation and discovery, Bon Tool Company has been or is likely to be injured as a result of Forrest Group's false representation.

## COUNT IV OF COUNTERCLAIM

### MONOPOLIZATION AND ATTEMPTED MONOPOLIZATION OF THE MARKET FOR STILTS UNDER SECTION 2 OF THE SHERMAN ACT, 15 U.S.C. § 2

27. The allegations of paragraphs 1-26 are incorporated herein by reference as though fully set forth herein.

28. Forrest Group asserts that the design and use of its stilt is covered by the claims of the '515 patent.

29. Prior to commencement of the present action, Forrest Group and its counsel had opportunity to inspect the accused stilt sold by Bon Tool Company. Thus, prior to the commencement of the present action, Forrest Group knew or should have known that the design and use of the accused stilt of Bon Tool Company did not infringe any of the claims of the '515 patent.

30. Upon information and belief, although Forrest Group knew or should have known that the design and use of the accused stilt sold by Bon Tool Company does not infringe any of the claims of the '515 patent, Forrest Group nevertheless commenced the present action in furtherance of a strategy to maintain, or to increase, its monopoly power in the United States in the market for stilts. Forrest Group's action is objectively baseless and, upon information and belief, was brought solely to interfere directly with Bon Tool Company's business.

31. For the purposes of this Count, the relevant product market is the stilt industry, and the relevant geographic market is the United States.

32. Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, Forrest Group has monopolized, or attempted to monopolize, the relevant market in violation of Section 2 of the Sherman Act.

33. Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, Forrest Group's acts have produced, and unless enjoined by Order of this Court, will continue to produce the following anti-competitive effects, among others:

> (a) Competition in the manufacture, sale and distribution of stilts has been, and will be, unreasonably restrained and eliminated, and has been, and will be, monopolized by Forrest Group;

(b)   Competition with Forrest Group in the relevant market has been, and will be, eliminated;

(c)   Prices for stilts have been, and will continue to be, substantially higher than prices that would prevail in a competitive market;

(d)   Barriers to entry in the relevant market have been, and will be, raised to levels that are insurmountable, assuring Forrest Group will maintain, or increase, its monopoly power; and

(e)   Innovation and development in the relevant market and related markets has been, and will continue, to be stifled.

34.   As a direct and proximate result of Forrest Group's unlawful acts, Bon Tool Company has been injured in its business and property, is threatened with immediate and irreparable additional loss and harm, and will continue to be so threatened unless Forrest Group is enjoined from continuing its illegal, unfair and predatory acts.

## PRAYER

Defendant, Bon Tool Company prays that:

1.   Upon final hearing or trial of this cause that the Court enter judgment in favor of Bon Tool Company and against Forrest Group, that Bon Tool Company recover its costs of suit, pre-judgment and post-judgment interest

at the legal rate, and fees incurred herein, and that the Court award such other and further relief, general and special, at law and in equity, to which Bon Tool Company may be justly entitled.

2. With respect to Count I of the Counterclaim,

   A. United States Patent No. 5,645,515 be adjudged and decreed invalid and unenforceable.

   B. Bon Tool Company be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe the claims of United States Patent No. 5,645,515.

   C. This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and Bon Tool Company have judgment from Forrest Group for its costs of suit, attorneys fees, and pre-judgment interest and post-judgment interest at the legal rate.

3. With respect to Count II of the Counterclaim, Bon Tool Company be awarded one-half of the $500 fine for each false marking offense in violation of 35 U.S.C. § 292 and Bon Tool Company have judgment from Forrest Group for its costs of suit, attorneys fees, and pre-judgment interest and post-judgment interest at the legal rate.

4. With respect to Count III of the Counterclaim, Bon Tool Company be awarded compensatory damages in an amount to be proven at trial for Forrest Group's violation of 15 U.S.C. § 1125 and Bon Tool Company have judgment

from Forrest Group for its costs of suit, attorneys fees, and pre-judgment interest and post-judgment interest at the legal rate.

    5.    With respect to Count IV of the Counterclaim,

        A.    Bon Tool Company be awarded compensatory damages in an amount to be proven at trial for Forrest Group's violation of 15 U.S.C. § 2.

        B.    Bon Tool Company be awarded an order trebling the amount of compensatory damages awarded pursuant to 15 U.S.C. § 15 and for judgment from Forrest Group for its costs of suit, attorneys fees, and pre-judgment interest and post-judgment interest at the legal rate.

        C.    Bon Tool Company be awarded an order granting permanent injunctive relief requiring Forrest Group to refrain from instituting objectively baseless legal actions for the purpose of interfering with the business of Bon Tool Company or others.

        D.    Bon Tool Company be awarded an order granting further permanent injunctive relief as may be reasonably necessary or appropriate to eliminate the effects of Forrest Group's violations of the antitrust laws and to restore effective competition in the manufacture, sale and distribution of stilts.

Respectfully Submitted,

*/s/ Richard W. James*
Richard W. James
Pennsylvania Bar No. 80426
U.S. PTO Reg. No. 43,690
25 Churchill Road
Churchill, PA 15235

(412) 243-8708 – Telephone
(412) 243-4070 – Facsimile
rich@jamespatent.com – email

AND

_____
Robert C. May
Texas State Bar No. 00787984
1000 Heritage Center Circle
Round Rock, TX 78664
(512) 476-4176 – Telephone
(512) 989-9909 – Facsimile
robmayatty@aol.com – email

ATTORNEYS FOR DEFENDANT,
BON TOOL COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, via certified mail, return receipt requested, on all counsel of record as listed below on March 22, 2006:

James W. Henges
Germer Gertz, L.L.P.
Post Office Box 4915
Beaumont, Texas 77704

Richard Mary
10641 Pecue Lane
Baton Rouge, Louisiana 70810

_____
Robert C. May