IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE FOREST GROUP, INC., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-4127 | |
| § | | |
| BON TOOL COMPANY, § | | |
|     Defendant. § | | |

**MEMORANDUM AND ORDER**

This patent infringement case is before the Court on the Motion for Summary Judgment of Noninfringement ("Motion") [Doc. # 85] filed by Defendant Bon Tool Company ("Bon Tool"), to which Plaintiff The Forest Group, Inc. ("Forest") filed a Response [Doc. # 88] and Bon Tool filed a Reply [Doc. # 89]. The Court conducted a hearing on the Motion, at which William D. Armstrong testified and counsel presented oral argument. Based on the Court's review of the full record in this case, consideration of the arguments presented in the parties' briefing and at the hearing, and the application of governing legal authorities, the Court **grants** Defendant's Motion.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Forest owns all rights in United States Patent No. 5,645,515 ("the '515 Patent"), originally issued to William D. Armstrong. The '515 Patent covers a stilt used

primarily in the construction industry to enable persons working on suspended ceiling structures to walk around more freely while they are raised to an elevated height.

The stilt covered by the '515 Patent is described fully in the Court's Memorandum on Claim Construction [Doc. # 84] entered February 15, 2007. Briefly, the stilt contains a floor platform, a shoe platform, and vertical supports that can be extended or shortened to move the shoe platform to different elevated heights. The platforms are pivotally connected to the vertical supports, and supports containing a spring are located between and connected to the two vertical supports. The combination of the two vertical supports, the floor platform, and the shoe platform create a parallelogram configuration. The lower end of the leg support, attached to the side of the rear vertical support, fits into a "capturing bracket" riveted to the rear vertical support. The leg support is attached to the shoe platform by a clamp, referred to in the '515 Patent as a "yoke." The '515 Patent requires that this yoke be "resiliently lined." Plaintiff claims to manufacture and sell stilts covered by the '515 Patent.[1] Plaintiff alleges that Bon Tool sells stilts that infringe that Patent.

The Court conducted a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996) ("*Markman* hearing") on February 9, 2007. Thereafter,

---

[1] Bon Tool has asserted various counterclaims against Forest based on Bon Tool's position that the Forest stilts are not actually covered by the '515 Patent.

the Court issued its Memorandum on Claim Construction, construing the disputed terms in the '515 Patent. For purposes of Defendant's Motion, the relevant terms are "said vertical supports spring-biased so as to maintain said vertical supports and said platforms in a parallelogram configuration," which the Court construed to mean "a spring biased against the vertical supports that causes the vertical supports and the platforms to be maintained in a parallelogram configuration," and "resiliently lined yoke," which the Court construed to mean "a yoke or clamp lined with a material that is capable of being elastically or reversibly deformed." *See* Memorandum on Claim Construction, pp. 7-8. The Court noted specifically that the term "resiliently lined yoke" requires a lining that is distinct from the yoke itself, but does not require that the lining and the yoke be of different materials. *See id.* at 8.

Bon Tool moved for summary judgment on the issue of Noninfringement, and the motion has been fully briefed. The Court conducted a hearing on the motion, which is now ripe for decision.

## II. APPLICABLE LEGAL STANDARDS

### A. Standard for Summary Judgment

"When evaluating a motion for summary judgment, the court views the record evidence through the prism of the evidentiary standard of proof that would pertain at a trial on the merits." *SRAM Corp. v. AD-II Engineering, Inc.*, 465 F.3d 1351, 1357

(Fed. Cir. 2006). Summary judgment on infringement is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Boss Control, Inc. v. Bombardier Inc.*, 410 F.3d 1372, 1376 (Fed. Cir. 2005 (citing FED. R. CIV. P. 56(c); *Fierros v. Tex. Dept. of Health,* 274 F.3d 187, 190 (5th Cir. 2001)). Summary judgment should be denied if the evidence would permit a reasonable fact-finder to return a verdict for the nonmoving party. *See id.* Neither speculation, conclusory allegations, nor the arguments of counsel can defeat a valid motion for summary judgment. *See Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1193 (Fed. Cir. 2006).

### B.   Standard for Patent Infringement

"A determination of patent infringement requires a two-step analysis: first, the meaning of the claim language is construed, then the facts are applied to determine if the accused device falls within the scope of the claims as interpreted." *MBO Labs., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1329 (Fed. Cir. 2007). "Literal infringement requires that each and every claim limitation be present in the accused product." *Abraxis Bioscience, Inc. v. Mayne Pharma (USA) Inc.*, 467 F.3d 1370, 1378 (Fed. Cir. 2006).

For there to be infringement under the doctrine of equivalents, any differences between the claim limitations and the accused device must be insubstantial. *See Ortho-*

*McNeil Pharm., Inc. v. Caraco Pharm. Labs., Ltd.*, 476 F.3d 1321, 1326 (Fed. Cir. 2007); *Abraxis*, 467 F.3d at 1379. "An accused device that 'performs substantially the same function in substantially the same way to obtain the same result' as the patented invention may infringe under this doctrine." *Abraxis*, 467 F.3d at 1379 (quoting *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950)). But an "equivalent must be found for every limitation of the claim somewhere in an accused device . . . ." *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1259 (Fed. Cir. 1989). If the Court determines that application of the doctrine of equivalents "would entirely vitiate a particular claim[ed] element, then the court should rule that there is no infringement under the doctrine of equivalents." *See Lockheed Martin Corp. v. Space Systems/Loral, Inc.*, 324 F.3d 1308, 1321 (Fed. Cir. 2003) (internal quotations omitted).

The party asserting infringement bears the burden of proof. *See Applied Med. Resources Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1333 (Fed. Cir. 2006).

### III. ANALYSIS

#### A. The Spring Biased Against the Vertical Supports

The '515 Patent requires that a spring biased against the vertical supports ***causes*** the vertical supports and the platforms to be maintained in a parallelogram configuration. Bon Tool demonstrated clearly and unequivocally during the hearing on

its Motion that, in its stilts, the spring does not *cause* the vertical supports and the platforms to be maintained in a parallelogram because the parallelogram configuration is maintained even when the spring is removed from the stilts.

Forest argued initially that without the spring, the stilt would not function properly. Bon Tool's device infringes the '515 Patent, however, only if it satisfies the limitations in the patent claims regardless of whether it functions properly.

Forest then argued that the improper use of the stilt without the spring causes the rubber floor platform to bend, causing the stilt to lose the parallelogram configuration when intense pressure or weight was applied. Repeated attempts to demonstrate this during the hearing were unsuccessful. Although a portion of the floor platform outside the parallelogram (*i.e.*, in front of the two front bolts or behind the two back bolts) would bend slightly, the relevant area of the floor platform between the vertical supports did not bend perceptibly, if at all, and the stilt remained in a parallelogram configuration.

Forest then conceded that there was no relevant bending, but argued that there was a different angle between the floor platform and the vertical supports when the spring was not in place, with the result that the configuration was not a parallelogram. Neither an examination of the stilts during the hearing nor any empirical evidence supported this contention.

The Court noted at the hearing that the bolts, not the spring, maintain the vertical supports and the platforms in a parallelogram configuration. Forest then argued that the spring maintains the stilt in a rectangular configuration and that a rectangle is a parallelogram. While all rectangles are parallelograms, not all parallelograms are rectangles. Moreover, the '515 Patent requires that the spring maintain a "parallelogram" configuration, not a rectangular configuration.

Bon Tool has presented uncontroverted evidence that its stilt retains a parallelogram configuration even when the spring is removed. As a result, the Bon Tool device does not have a spring biased against the vertical supports that causes the vertical supports and the platforms to be maintained in a parallelogram configuration. Because its device lacks a necessary claim limitation of the '515 Patent, Bon Tool is entitled to summary judgment on the issue of noninfringement.[2]

### B.   A "Resiliently Lined" Yoke

The '515 Patent also requires a "yoke" or clamp that has a lining distinct from the yoke itself and that is capable of being elastically or reversibly deformed. In Plaintiff's Original Complaint, filed in December 2005, Plaintiff alleged that Bon Tool's device did not have a resilient lining in the yoke. *See* Complaint [Doc. # 1],

---

[2]   Forest does not argue the doctrine of equivalents with respect to the effect of the spring on the parallelogram configuration.

¶ 14. In its Amended Complaint filed in April 2006, however, Plaintiff alleged that Bon Tool's stilts "infringe upon the patent both literally and under the doctrine of equivalents." *See* Amended Complaint [Doc. # 13], ¶ 14. Bon Tool argues that it is entitled to summary judgment on noninfringement because its stilts do not have a resiliently lined yoke. Indeed, Bon Tool notes that the yoke on its stilts does not have a lining of any kind.

The deadline for Forest to designate its experts and serve their experts' reports was May 21, 2007, and Forest did not designate any experts. Forest has presented no evidence, beyond rank speculation, that the yoke on the Bon Tool stilts has a separate lining as required by the '515 Patent.[3] As a result, there is no literal infringement and Bon Tool is entitled to summary judgment on this issue.

Forest argues, however, that the Bon Tool stilts without a lining infringe the '515 Patent under the doctrine of equivalents because the yoke on the Bon Tool stilts is itself resilient. Initially, the Court notes that Forest has not presented evidence, beyond conjecture and speculation, that the interior surface of the yoke on Bon Tool's stilt is resilient. In his Affidavit, Armstrong stated that the yoke will bend or deform when

---

[3] Armstrong, in his affidavit and during his testimony at the hearing on Defendant's Motion, conceded that the yoke on the Bon Tool stilt does not contain a separate lining, and that he does not know whether the "interior surface of the yoke" has "separate and distinct properties from the remainder of the yoke." *See* Affidavit of William Armstrong, Exh. A to Plaintiff's Response, ¶ 6(b).

stressed and then will return to its original shape. *See* Affidavit of William Armstrong, Exh. A to Plaintiff's Response, ¶ 6(a). At the hearing on Bon Tool's Motion, however, Armstrong testified that this statement in his Affidavit is based only on his "observation" when applying pressure to the Bon Tool stilt's yoke that the yoke did not become bent or otherwise deformed. Armstrong took no measurements and had no written records of the alleged testing. Moreover, because Armstrong observed no bending or deforming of the yoke, there is no evidence of any resiliency which, as counsel agreed during the hearing, involves deforming and then returning to the original shape.

Additionally, even if Forest were able to raise a fact issue regarding any resiliency of the yoke on the Bon Tool stilts, there would still not be infringement under the doctrine of equivalents. The claim limitation in the '515 Patent requires a **resiliently lined** yoke. Finding infringement under the doctrine of equivalents based on an **unlined** yoke would entirely vitiate this claim element and is impermissible. *See Lockheed Martin*, 324 F.3d at 1321; *see also Asyst Techs. v. Emtrak, Inc.*, 402 F.3d 1188, 1195 (Fed. Cir. 2005) (holding no infringement under doctrine of equivalents where patent claim limitation required that the patented device be "mounted on" workstations and the accused device was unmounted).

Forest has failed to present evidence, other than speculation and conjecture, that raises a genuine issue of material fact regarding the presence of a "resiliently lined yoke," either literally or under the doctrine of equivalents, in the Bon Tool stilts. As a result, Bon Tool is entitled to summary judgment of noninfringement.

## IV. CONCLUSION AND ORDER

Bon Tool has established the absence of a genuine issue of material fact regarding its noninfringement of the '515 Patent. In Bon Tool's device, the spring does not cause the vertical supports and the platforms to be maintained in a parallelogram configuration and there is no "resiliently lined" yoke as required by the '515 Patent. As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment of Noninfringement [Doc. # 85] is **GRANTED**.

SIGNED at Houston, Texas, this **3rd** day of **August, 2007**.

Nancy F. Atlas
United States District Judge