IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE FOREST GROUP, INC., § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-4127 | |
| § | | |
| BON TOOL COMPANY, *et al.*, § | | |
|    Defendants. § | | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion for Leave to File Amended Answer and Affirmative Defenses and Counterclaims ("Motion") [Doc. # 130] filed by Plaintiff The Forest Group, Inc. ("Forest"), to which Defendant Bon Tool Company ("Bon Tool") filed its Response in opposition [Doc. # 134]. Plaintiff filed a Reply [Doc. # 135] and a Supplement to its Reply [Doc. # 136]. Having reviewed the record and the governing legal authorities, the Court concludes that Forest has failed to establish good cause for the requested amendment and **denies** the Motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Forest is the owner of all rights in United States Patent No. 5,645,515 ("the '515 Patent"), originally issued to William D. Armstrong. The '515 Patent covers a stilt used primarily in the construction industry to enable persons working on

suspended ceiling structures to walk around more freely while they are raised to an elevated height.

The Court conducted a claim construction hearing and construed the disputed claim terms in a Memorandum on Claim Construction [Doc. # 84] issued February 15, 2007. Bon Tool then moved for summary judgment on non-infringement. Interestingly, the parties had agreed that the Forest stilt and the Bon Tool stilt were virtually identical, and the Court's claim construction revealed that neither stilt met the claims of the '515 Patent. The Court granted Bon Tool's motion for summary judgment on non-infringement on August 3, 2007, leaving only Bon Tool's counterclaims for false marking in violation of 15 U.S.C. § 292, false representation in violation of 15 U.S.C. § 1125, and antitrust violations. At a hearing on January 31, 2008, Bon Tool abandoned the antitrust counterclaim.

On May 30, 2008, Forest filed its Motion seeking to file an amended answer adding a new affirmative defense and a new counterclaim. Specifically, Forest wants to assert unclean hands as an affirmative defense and to assert a counterclaim for false representation under § 1125. Bon Tool opposes the Motion.

II. **ANALYSIS**

Forest filed its Motion requesting leave to file an amended pleading almost two years after the August 2006 deadline for amendments. Leave to amend after the

deadlines granted in the court's scheduling order is guided by Rule 16 of the Federal Rules of Civil Procedure.  "Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'  The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)).  The Fifth Circuit explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend;  (2) the importance of the amendment;  (3) potential prejudice in allowing the amendment;  and (4) the availability of a continuance to cure such prejudice.'"  *Id.* at 546.

Forest has failed to offer an adequate explanation for filing its Motion so long after the deadline for amendments expired.  Forest states that it could not seek leave to amend in a timely manner because the evidence on which it bases its proposed affirmative defenses and counterclaims is newly discovered and was "concealed" by Bon Tool until February 2008.  The evidence on which Forest bases its proposed amendments, however, is Bon Tool's 2000 Catalog, Bon Tool's 2005 Web Site, and the patent number for a patent referenced in the catalog and web site.  The catalog has been publicly available since 2000, the web site has been available to the public since

2005. Moreover, Forest did not request the catalog, the web site information, or the patent number until well after the close of discovery. Bon Tool did not "conceal" evidence that it was not asked to produce. Forest's failure to conduct adequate, timely discovery does not establish good cause for its failure to seek leave to amend prior to the amendments deadline.

Forest asserts that the proposed amendments are important, and Bon Tool argues that the requested amendments would be futile. Any importance of the requested amendment simply highlights Forest's unexplained failure to act diligently to obtain necessary discovery and seek leave to amend in a timely manner.

Bon Tool will suffer prejudice if the amendment is allowed. Bon Tool will be required to conduct discovery on the new affirmative defense and counterclaim, increasing the expense of this litigation and delaying its final resolution. The discovery deadline has expired and the case is scheduled for docket call on July 11. Although the Court could reopen discovery and grant a continuance of the remaining deadlines, a continuance would not cure the prejudice from increased expense and unnecessary delay. This case has been pending for quite some time and is one of oldest cases on the Court's docket. The Court, finding that Forest has failed to show good cause for the untimely Motion, exercises its discretion to preserve the integrity and purpose of the docket control order.

## III.   CONCLUSION AND ORDER

Forest has failed to establish good cause for its request to amend to add a new affirmative defense and a new counterclaim almost two years after the deadline for amendments.  Consequently, it is hereby

**ORDERED** that Forest's Motion for Leave to File Amended Answer and Affirmative Defenses and Counterclaims [Doc. # 130] is **DENIED**.

SIGNED at Houston, Texas, this **16th** day of **June, 2008**.

_____
Nancy F. Atlas
United States District Judge