IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE FOREST GROUP, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-4127 |
| § | | |
| BON TOOL COMPANY, § | | |
| Defendant. § | | |

# MEMORANDUM AND ORDER

Plaintiff The Forest Group, Inc. ("Forest") filed this patent infringement lawsuit against Defendant Bon Tool Company ("Bon Tool"), and Bon Tool filed a counterclaim. The Court granted summary judgment in favor on Bon Tool on the infringement issues. Following trial on Bon Tool's counterclaim, the Court issued Findings of Fact and Conclusions of Law [Doc. # 79] and Final Judgment [Doc. # 180]. The case is now before the Court on Bon Tool's "Motion to Amend Findings Under F.R.C.P. 52 and Motion for New Trial/Motion to Alter or Amend Judgment Under F.R.C.P. 59" ("Motion for New Trial") [Doc. # 181] and "Motion for Attorney Fees Under 35 U.S.C. § 285 Regarding Counterclaim for False Marking" ("Motion

for Fees") [Doc. # 183]. Forest filed its Opposition to the Motion for New Trial [Doc. # 188] and to the Motion for Fees [Doc. # 189].[1] The Court denies both motions.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The factual background is set forth fully in the Court's Findings of Fact and Conclusions of Law. Briefly, Forest owns all rights in United States Patent No. 5,645,515 ("the '515 Patent"), which covers a stilt used primarily in the construction industry. Forest sued Bon Tool, alleging that Bon Tool's stilt infringed the '515 Patent.

The Court granted Bon Tool's Motion for Summary Judgment of Non-Infringement in a Memorandum and Order [Doc. # 91] entered August 3, 2007.

Joe Lin, Forest's owner, testified that in November 2007, after a ruling of non-infringement by a federal district court in a related lawsuit in Minnesota ("the *Warner* Suit"), his new counsel advised him to modify the stilt to include a resilient lining. Lin testified that he immediately ordered from his manufacturer in China series "SS" stilts with a separate lining (actually, a latex 1-inch wide ring for placement inside the yoke). Lin further testified that he instructed his manufacturer to stop marking the

---

[1] In its Opposition to the Motion for Fees, Forest included a Motion to Strike Deposition of Joe Lin, to which Bon Tool filed a separate Opposition [Doc. # 191]. The challenged deposition testimony relates only to Bon Tool's Motion for Fees. Accordingly, the Court **denies** the Motion to Strike.

"S2" series of stilts with the '515 Patent number, but conceded that the manufacturer continued to mark the patent number on the S2 series stilts' foot plate.

Bon Tool's counterclaims for false marking under 35 U.S.C. § 292, violation of § 1125(a) of the Lanham Act, and invalidity for lack of enablement were tried to the Court. Bon Tool and Forest each filed a request for attorneys fees under 35 U.S.C. § 285. The Court ruled in favor of Forest on the Lanham Act and invalidity claims. The Court ruled in favor of Bon Tool on the false marking claim and imposed the statutory fine of $500.00. The Court denied both requests for fees.

Bon Tool then filed the pending Motion for New Trial and Motion for Fees. The two motions are ripe for decision.

## II.     MOTION TO AMEND AND FOR NEW TRIAL

Bon Tool has moved for amended findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, for a new trial pursuant to Rule 59(a), and/or to alter or amend the judgment pursuant to Rule 59(e). Bon Tool challenges the Court's decision that Forest did not have the requisite bad faith for purposes of the false marking claim until November 2007, argues that the $500.00 statutory award is inadequate, challenges the Court's findings regarding the series SS model stilts, and disagrees with the Court's decision that the case is not exceptional for purposes of a

fee award pursuant to § 285. The Court finds each of these challenges unpersuasive, as is explained below.

### A.   **Applicable Standards**

Rule 52 allows a Court to amend its findings of fact or make additional findings to correct manifest errors. *See Santamaria v. Dallas Indep. Sch. Dist.*, 2007 WL 1073850, *2 (N.D. Tex. Apr. 10, 2007) (citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1209 (5th Cir. 1986)). "A motion to amend under Rule 52(b), however, should not be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Id.*

A district court may grant a new trial pursuant to Rule 59(a) if the prior decision was against the weight of the evidence or the damages awarded were improper. *See, e.g., Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

"A [Rule 59(e)] motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Importantly, a "Rule 59(e) motion is not proper to re-litigate

matters that have been resolved to the movant's dissatisfaction and [movant] cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

### B.   False Marking Claim – Requisite Bad Faith

Bon Tool argues that the Court improperly considered subjective criteria in deciding that it was not until November 15, 2007, that Forest had the requisite bad faith in connection with the § 292 false marking claim. The argument is unpersuasive. The Court correctly stated the relevant legal principles, specifically that "intent to deceive" is a state of mind that, while subjective in nature, is established by objective criteria. *See* Findings of Fact and Conclusions of Law, pp. 6-7. The Court also explained Federal Circuit doctrine that a simple denial of intent to deceive does not allow a defendant to escape liability under the false marking statute, and that the plaintiff "must show by a preponderance of the evidence that the party accused of false marking did not have a reasonable belief that the articles were properly marked (*i.e.*, covered by the patent)." *See id.* at 7 (quoting *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1346, 1352-53 (Fed. Cir. 2005)). The Court then discussed the tension between the false marking statute and the requirement that a patent holder give

notice that a product is patented, and noted that the false marking statute is penal in nature requiring strict construction. Considering all these legal principles and all relevant evidence presented at trial, the Court found that it was not until November 15, 2007, that Forest could no longer reasonably believe that the articles it was marking were covered by the '515 Patent.[2] The Court properly considered all admissible evidence, both objective and subjective. Bon Tool's dissatisfaction with the Court's decision is not a basis for the Court to amend its ruling or grant a new trial.

The Court noted in the Findings of Fact and Conclusions of Law that as of November 15, 2007, there were no final decisions by a district court and no appellate rulings on the claim construction and non-infringement issues. Bon Tool argues that this concern is "a manifest error of law" because Forest had an obligation to file an interlocutory appeal from the claim construction orders.[3] The Court disagrees. An interlocutory appeal from the claim construction ruling required leave of this Court – which would likely not have been granted – and permission from the Federal

---

[2]   As of November 15, 2007, Forest had received an opinion letter indicating that there was likely no literal infringement by a similar stilt, had claim construction and non-infringement decisions by two separate federal district courts, and advice from counsel to modify the stilts to meet the claim limitations of the '515 Patent.

[3]   The three district court cases cited by Bon Tool relate to an award of fees, not to liability under the false marking statute.

Circuit, which is *not* generally granted except in connection with a corresponding appeal from a preliminary injunction. *See, e.g., Regents of Univ. of Cal. v. Dakocytomation Cal. Inc.*, 517 F.3d 1364, 1371 (Fed. Cir. 2008); *Canon, Inc. v. GCC Intern. Ltd.*, 263 F. App'x. 57, 61 (Fed. Cir. Jan. 25, 2008); *Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("piecemeal litigation is as strictly precluded by the rule of finality for patent cases as it is for any other case").

The Court applied the proper legal principles to decide that Forest first violated the false making statute on November 15, 2007. Bon Tool's Motion for New Trial on this basis is denied.

### C.    False Marking Claim – Inadequately Low Penalty Award

Bon Tool argues that the Court's judgment in the amount of $500.00 is inadequately low and constitutes a "manifest error of law and fact." As an initial matter, the statute – not this Court – establishes the penalty for a violation of the false marking statute. If the patent holder has falsely marked its products, it is liable for a penalty of "not more than $500 for every such offense." 35 U.S.C. § 292. One-half of the penalty goes to the person asserting the § 292 claim and the other half goes to the use of the United States. *See* 35 U.S.C. § 292(b). This is a penalty (not a basis for an award of damages) established by Congress, and it is not the role of this Court to decide whether the amount is adequate.

On the issue of what constitutes an "offense" for purposes of the statute, Bon Tool argues that the Court should not have followed the First Circuit's decision in *London v. Everett H. Dunbar Corp.*, 179 F. 506 (1st Cir. 1910), because the case is old. Bon Tool urges that the Court should, instead, have followed an unpublished decision from the District of Utah, *Icon Health & Fitness, Inc. v. The Nautilus Group, Inc.*, 2006 WL 753002 (D. Utah Mar. 23, 2006). The Court strongly disagrees. For the reasons explained in the Findings of Fact and Conclusions of Law, the First Circuit case is well-reasoned and persuasive. The Utah decision, on the other hand, is inconsistent with the language of the statute and appears driven by the Utah judge's personal dissatisfaction with the statutory $500.00 penalty.

The Court in this case found that there was a single offense and imposed the $500.00 penalty consistent with § 292. Bon Tool's repeated arguments for a larger judgment are again rejected. The Motion for New Trial on this basis is denied.

### D. False Marking Claim - SS Models

The Court held that, beginning November 15, 2007, Forest violated the false marking statute when it continued to mark its series S2 stilts with the '515 Patent number. The Court held that there was no violation of the false marking statute in connection with the series SS stilts because Forest began to include a latex "lining" to be inserted into the yoke of those stilts. Bon Tool argues that this decision

regarding the series SS stilts is "contrary to law and against the weight of the evidence."

The argument on this issue seems to be that the Court should find that Forest did not modify the series SS stilts in an attempt to meet the claim limitations because Forest did not tell Bon Tool early enough that it was making that modification. The argument is unpersuasive. The evidence on this issue – a modified series SS stilt purchased by Bon Tool – was undisputed and introduced by Bon Tool. The Court rejects Bon Tool's argument that there was no evidence to support the Court's finding that Forest modified the series SS stilts, and the Motion for New Trial on this issue is denied.

### E. Denial of Attorneys Fees Under 35 U.S.C. § 285

Bon Tool argues that the Court erred in denying its request for fees under § 285 in connection with the patent infringement claim. Bon Tool restates its prior arguments on this issue, which have been considered and rejected by the Court in its Findings of Fact and Conclusions of Law. It is well established that Bon Tool believes Forest undertook an inadequate investigation and that this is an exceptional case warranting an award of fees. Nonetheless, for the reasons explained in the Findings of Fact and Conclusions of Law, the Court does not find that this is an exceptional case. Bon Tool's Motion for New Trial on this issue is denied.

### III. MOTION FOR ATTORNEYS FEES

Bon Tool seeks attorneys fees under 35 U.S.C. § 285 in connection with its false marking claim. "The court in exceptional cases may award reasonable attorney fees to the prevailing party" in a patent case. 35 U.S.C. § 285. "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as . . . misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." *Serio-US Indus., Inc. v. Plastic Recovery Tech. Corp.*, 459 F.3d 1311, 1321-22 (Fed. Cir. 2006). Section 285 is "limited to circumstances in which it is necessary to prevent a gross injustice." *FieldTurf Int'l, Inc. v. Sprinturf, Inc.*, 433 F.3d 1366, 1373 (Fed. Cir. 2006) (quoting *Forest Labs, Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003)). The prevailing party must prove an exceptional case by clear and convincing evidence. *See Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1380 (Fed. Cir. 2005) (§ 285); *Schlotzsky's*, 520 F.3d at 402 (§ 1117(a)).

Bon Tool argues that it is entitled to recover the fees associated with its false marking counterclaim because Forest engaged in litigation misconduct. Specifically, Bon Tool asserts that it was not notified that Forest was adding a separate lining to its SS series stilts and that Lin testified falsely in depositions. The record does not

support Bon Tool's position that Lin testified falsely. Bon Tool fails to persuade – or even explain – how Forest's failure to give earlier notice that it was modifying the SS series stilt provides a basis for an award of fees under § 285, particularly since Bon Tool learned before trial of the modification and introduced the modified stilt into evidence as its own exhibit.

Bon Tool also asserts that Forest engaged in misconduct during the discovery phase of the case, specifically, that Forest failed to produce evidence in a timely manner. The discovery process in this case was extremely difficult. Most of those discovery disputes, however, involved requests for discovery not material to the false marking claim. The Court does not find that the discovery problems relating to the false marking claim in this case were so egregious that they cause this to be an exceptional case for which fees should be awarded under § 285.

The Court finds that Bon Tool has not shown by clear and convincing evidence that this is an exceptional case or that an award of attorneys fees in the case is necessary to prevent a gross injustice. The Court, therefore, denies the requests for fees.

## IV. **<u>CONCLUSION AND ORDER</u>**

Based on the foregoing, it is hereby

**ORDERED** that Bon Tool's "Motion to Amend Findings Under F.R.C.P. 52 and Motion for New Trial/Motion to Alter or Amend Judgment Under F.R.C.P. 59" [Doc. # 181] and "Motion for Attorney Fees Under 35 U.S.C. § 285 Regarding Counterclaim for False Marking" [Doc. # 183] are **DENIED**.

SIGNED at Houston, Texas, this **22nd** day of **September, 2008**.

_____
Nancy F. Atlas
United States District Judge