UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE FOREST GROUP, INC., § § PLAINTIFF, § § VS. § § BON TOOL COMPANY, CIBON § INDUSTRIAL AND SHANGHAI § HONEST TOOL CO., LTD., § § DEFENDANTS § | CIVIL ACTION NO. H-05-4127 |

**FOREST GROUP'S BRIEF REGARDING
PENALTIES UNDER 35 U.S.C. § 292**

Counterclaim Defendant The Forest Group, Inc. ("Forest") files this Brief Regarding Penalties Under 35 U.S.C. § 292 and would respectfully show the Court as follows:

**INTRODUCTION**

The rhetoric used in Bon Tool Company's ("Bon Tool") Brief Regarding Imposition of Fine Under 35 U.S.C. § 292 ("Penalty Brief") is unnecessary and unprofessional. Bon Tool has hopefully misunderstood and clearly misrepresented to this Court the situation related to the S2 stilt purchased by Bon Tool in February 2010. Bon Tool is attempting to use this as a distraction and potential spring board to obtaining larger penalties than are warranted in this case. *See* Forest's Opposition to Motion to Reopen Discovery/ Motion to Postpone Calculation of Fine filed contemporaneously herewith. The S2 stilt purchased by Bon Tool is not a new stilt that was recently marked, but is an old stilt that was included in Forest's documents available to Bon Tool at the time of trial. Thus, Bon Tool's argument in its Penalty Brief that "severe" penalties should be awarded as a result of Forest's "complete disregard for the law" is unfounded and unsupported by the law or facts.

In fact, if the patent reform legislation currently pending in the U.S. Senate were in effect, Bon Tool would get nothing in this case. It is clear from the Patent Reform Amendment, Congress is planning to eliminate completely the *qui tam* provision in § 292 by requiring competitive injury in order for a party to file suit in the first place. *See* Patent Reform Amendment (http://judiciary.senate.gov/legislation/upload/PatentReformAmendment.pdf), pertinent portions of which are attached as **Exhibit A**. With the enormous influx of suits filed this year, about 139 since the Federal Circuit's decision in December 2009, Congress has even gone so far as to make the competitive injury provision apply retroactively to all pending cases. *See Id.*; Table of Cases Alleging False Marking filed since the Federal Circuit's decision in this case (compiled by Docket Navigator), attached as **Exhibit B**. Bon Tool is correct that the Court's penalty assessment in this case is very important. The flood of ravenous and largely uninjured plaintiffs in these pending false marking cases await this Court's decision on whether an undamaged party will be awarded large amounts of money per article marked.

If the patent reform legislation were passed today, the Court would be required to give Bon Tool nothing. Bon Tool admittedly has suffered no competitive injury and did not even call one witness of its own to testify regarding injury related to any claim asserted by Bon Tool in this case. The reform proposed in the U.S. Senate is responsive to the Federal Circuit's decision and the flood of false marking cases recently filed and is alone enough to warrant minimal penalties.

## ARGUMENT

A. **FOREST IS NOT STILL MARKING THE S2 STILT WITH THE '515 PATENT; THE S2 STILT PURCHASED BY BON TOOL IN FEBRUARY 2010 IS NOT NEW AND DOES NOT PROVE THAT FOREST IS CONTINUING TO MARK**

Bon Tool's position that Forest's conduct warrants a severe penalty is based on inaccurate

information and mischaracterized events. Bon Tool's arguments here sound much like its arguments in its request for attorney fees which were denied twice by this Court and by the Federal Circuit. *The Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1304 (Fed.Cir. 2009). While the Court held that Forest violated § 292 by marking its S2 stilts with U.S. Patent No. 5,615,515 ("the '515 patent"), the Court also found that Forest made only one order with the patent on the universal footplate. No further orders were made or have been made since.

Bon Tool presents the Court with the misleading notion that Forest "is still falsely marking their S2 stilts with the '515 patent." Penalty Brief at p. 1. This is simply not true. The fallacy of Bon Tool's argument is easily proven upon review the trial record. Joe Lin testified at trial regarding his discovery, just one week prior to trial, that the '515 patent was present on the universal footplate used on the S2 stilt. Tr. Trans. (7/8/08), pertinent portions attached as **Exhibit C**, at pp. 151-52; 209-12. During his testimony, Mr. Lin referred to a S2 stilt introduced into evidence by Bon Tool. *See* **Bon Tool Trial Exhibit 59**; Tr. Trans. (7/8/08), Ex. C, at pp. 285-86. At that time, the S2 stilt, which according to Bon Tool's counsel was purchased only the day before that testimony, did not have the patent number on the leg brace. *Id.* Mr. Lin's testimony that the '515 patent number had been removed from the leg brace was supported by Bon Tool's own evidence.

The patent number was, in fact, removed from the leg brace consistent with Mr. Lin's testimony at trial and the evidence supports this. The patent number was also removed from the universal footplate consistent with Mr. Lin's testimony at trial. This does not mean that there are not S2 stilts in existence that have the '515 patent number on the leg brace and/or the footplate.[1] As the Court and Bon Tool know, Forest sold stilts with the patent number on the leg brace and

---

[1] In fact, Bon Tool had one such stilt that it introduced at trial. *See* Bon Tool Exhibit 32C.

footplate prior to the rulings in this case. The fact that there are still stilts in existence with the patent number on the leg brace and/or footplate is <u>not</u> evidence that Forest is continuing to mark its stilts with the patent number.

There are customers of Forest that have stilts in inventory that were purchased prior to when the leg brace and footplate were changed.[2] In the ordinary course of business, Forest receives returns of these stilts from customers and some of these returned stilts are present in Forest's warehouse. In the original trial of this case, Bon Tool did not seek from the Court an injunction or an order requiring Forest to recall all products sold with the patent number listed or to have them manually altered to remove the patent number. In fact, such an order would have been unduly burdensome and is not supported by the law. However, Forest has taken steps for manual removal anyway. Forest has implemented procedures for removing the patent number from returned stilts before they are sent back into the marketplace. But in the particular case presented by Bon Tool in its attached affidavits, the procedures were not followed by the employee that shipped the stilt to Bon Tool.[3]

Bon Tool's disparaging characterization of Forest as being a liar and "thumbing its nose" at court rulings is unfounded and untrue.[4] There have been no S2 stilts marked with the '515 patent since trial and there is no new evidence to obtain. All S2 stilts were accounted for in documents available to Bon Tool during trial. After the original trial when Bon Tool asked to

---

[2] However, Forest has informed its customers that, in order to comply with court rulings regarding the '515 patent, all references to the patent have been removed from Forest's products and marketing materials and customers were advised not to use the patent number in marketing and advertising materials.

[3] As presented in Bon Tool's affidavits, the stilt originally shipped to Bon Tool was not a S2 stilt. Because of the error, a Forest employee quickly shipped a replacement stilt without following company procedure and checking to be sure the stilt being shipped did not have the patent number on it. If the Court requires, Forest will present affidavits to support these facts.

[4] This Court disagreed with Bon Tool's characterizations in the original trial as well. *See* September 22, 2008, Memorandum and Order (D 192), pertinent portions attached as **Exhibit D**, at p. 10-11 ("The record does not support Bon Tool's position that Lin testified falsely.")

introduce additional evidence regarding sales of S2 stilts, the Court stated that the record was closed and would not be reopened. The Court's prior ruling should stand and the record should remain closed.

### B. BON TOOL WAS NOT INJURED BY FOREST'S MARKING

In the recent Patent Reform Amendment introduced in the U.S. Senate, Congress intends to eliminate the *qui tam* provision of § 292. In doing so, Congress will allow only a party who has "suffered a competitive injury… [to] file a civil suit … for recovery of damages adequate to compensate for the injury." Pat. Ref. Am., Ex. A at 16. Congress also intends for this provision to "apply to all cases, without exception, pending on or after the date of the enactment of this Act." *Id.* If this legislation were passed today, Bon Tool could recover nothing.

Bon Tool admittedly suffered no competitive injury whatsoever. *See* Tr. Trans. (7/9/08), pertinent portions of which are attached as **Exhibit E**, at p. 174 ("Mr. Ejzak: … We don't have evidence to show any harm to Bon Tool in terms of lost sales. I'm not going to tell the Court otherwise…."). *See also* Finding of Facts and Conclusions of Law (D 179), pertinent portions attached as **Exhibit F**, at 19 (Bon Tool "failed to present any evidence on this issue and conceded in argument following trial that they had no evidence that Bon Tool suffered any actual injury….") In fact, Bon Tool did not call a single witness of its own to show it was injured for any of its claims, including its Lanham Act claim which required a showing of actual or probable injury. Tr. Trans. (7/9/08), Ex. E, at p. 175. As a result, the Court ruled against Bon Tool on its Lanham Act claim, stating that Bon Tool suffered no actual injury. *Id.* Without competitive injury, Bon Tool could not have filed suit at all under § 292 in the proposed patent reform.

Bon Tool argues in its Brief that the Federal Circuit states that one goal of § 292 is to

encourage "parties to file suit against those who mismark."[5]  Penalty Brief at p. 8.  The Federal Circuit has certainly done that.  In the three-and-a-half short months since the Federal Circuit's decision in this case, 139 false marking lawsuits have been filed.  *See* Ex. B.  However, Congress is taking steps with the Patent Reform Amendment to correct the flood of litigation that has commenced.

Bon Tool also makes much of the expense incurred in prosecuting a false marking action and opines that "fines must be substantial enough to justify the expense."  Penalty Brief at p. 9.  However, penalties under § 292 are not assessed to compensate a party for litigation costs and there is no law to support this contention.  Lawsuits filed under § 292 are brought on behalf of the government and fines are to penalize a party found guilty of false marking.  Section 292 was not enacted to compensate a party for litigation costs.[6]

## C.   **EQUITY WEIGHS AGAINST BON TOOL RECEIVING A HIGH PENALTY**

As Forest argued at trial, equity factors weigh heavily against Bon Tool receiving high penalty compensation in this case.  For a period of almost 3 years, from January 1999 through November 2001, Bon Tool offered for sale and sold stilts purchased from William Armstrong's company, Southland Supply Co. ("Southland"), which were marked with the '515 patent number.  *See* **Forest Trial Exhibit 32**, Southland Supply Co. Summary of Sales to Bon Tool, attached hereto.  Bon Tool's stilts were sold under the Hi-Reach™ brand and were advertised and marketed as "patented" under the '515 patent.  *See* **Forest Trial Exhibit 14**, 2000 Bon Tool Catalog, attached hereto.  The stilts that Bon Tool purchased from Southland and sold as its Hi-

---

[5] Forest disagrees with Bon Tool's interpretation of the Federal Circuit's opinion.  While the Federal Circuit opines that § 292 "explicitly permits *qui tam* actions", nowhere does the Federal Circuit say that a purpose of § 292 is to encourage "parties to file suit against those who mismark."  *The Forest Group, Inc.*, 590 F.3d at 1303; Penalty Brief at 8.

[6] Attorney fees may be obtained through a § 285 motion, which was filed by Bon Tool and denied by this Court and the Federal Circuit.

Reach[TM] stilts did not contain a separate lining on the yoke. However, Bon Tool continued to advertise and sell its stilts as covered by the '515 patent.

Bon Tool also advertised its Hi-Reach[TM] stilts as containing the patented technology referred to as the Inter-Lok[TM] system. *See* **Forest Trial Exhibits 14, 15, 37, 38 and 39**, 2000, 2004, 2005, 2006, 2007 Bon Tool Catalogs, attached hereto. In fact, Bon Tool continued as late as June 2008 to advertise its Hi-Reach[TM] stilts as containing the patented technology referred to as the Inter-Lok[TM] system. *See* **Forest Trial Exhibit 17**, June 24, 2008, Bon Tool Web Site, attached hereto.

Bon Tool derived benefit from advertising and selling its Hi-Reach[TM] stilts as "patented" under the '515 patent. Bon Tool should not now be rewarded because Forest committed conduct identical to that which Bon Tool committed and benefitted from. This would be contrary to principles of equity.

### D.   ANY ASSESSMENT OF PENALTIES BY THE COURT SHOULD BE CALCULATED BASED ON THE INVOICES IN EVIDENCE

Bon Tool presents in its brief that calculations should be assessed based upon the 38 S2 stilts listed in the invoices that Bon Tool introduced into evidence (Bon Tool Trial Exhibit 38A) as well as 85 additional S2 stilts that Bon Tool claims were sold between February 2008 and July 2008 and included in Forest's summary of stilts (Forest Trial Exhibit 29). However, it is unclear what additional 85 stilts Bon Tool is referring to, since there are no stilts after January 31, 2008, included in Forest's summary or anywhere else in evidence. Forest's summary was introduced into evidence to illustrate to the Court the discrepancy in the number of stilts Bon Tool was asserting were sold by Forest and the actual number of stilts sold. The record reflects that the summary was created by Forest to coincide with the numbers generated by Bon Tool based on the invoices in evidence. Tr. Trans. (7/8/08), Ex. C, at pp. 215-17; 225-26. There are no

additional stilts included in Forest's summary. Thus, the number of stilts relevant in calculating penalties is 38, as reflected on page 5 of Bon Tool's Penalty Brief and Bon Tool's Trial Exhibit 38A.

E. **THE PENALTY ASSESSED SHOULD BE MINIMAL, BUT IN ANY CASE NOT MORE THAN FOREST'S NET INCOME PER STILT**

In its decision, the Federal Circuit stated clearly that:

> This does not mean that a court must fine those guilty of false marking $500 per article marked. The statute provides a fine of "*not more than* $500 for every such offense." 35 U.S.C. § 292(a) (emphasis added). By allowing a range of penalties, the statute provides district courts the discretion to strike a balance between encouraging enforcement of an important public policy and imposing disproportionately large penalties for small, inexpensive items produced in large quantities. In the case of inexpensive mass-produced articles, a court has the discretion to determine that a fraction of a penny per article is a proper penalty.

*The Forest Group, Inc.*, 590 F.3d at 1304. Thus, the Court has discretion in calculating penalties.

Forest believes the original $500 assessment is adequate to compensate Bon Tool, a party with no competitive injury and who actually benefitted from use of the same patent marked on the same stilt it accuses Forest of using and marking. The Court's harsh rulings in this case and the hundreds of thousands of dollars spent by Forest to defend a lawsuit that was easily defendable and should never have survived summary judgment have served as an extreme deterrent in this case.[7] Forest has ceased marking its S2 stilts with the '515 patent, notified its customers of the Court's rulings, and, though not ordered to do so, instituted internal policies and procedures in an attempt to remove the patent number from all old stilts. The number of products at issue in this case is minimal, only 38. Thus, the Court's original assessment of $500 should

---

[7] *See* Blank Rome infringement opinion, **Bon Tool Trial Exhibit 20**, attached hereto, at p. 3 ("The doctrine of marking estoppel applies to preclude an accused infringer who sells a product marked with a patent number from later asserting that the marked product is not covered by the patent.") However, Forest's original trial counsel failed to assert the estoppel defense.

8

stand.

If the Court determines that greater penalties are warranted, penalties should not exceed Forest's net proceeds from its sales of relevant stilts. Bon Tool Exhibit 38A shows that Forest sold the relevant S2 stilts for between $103 and $180 per set. Bon Tool's exhibit reflects Forest's gross sales for S2 stilts sold in the relevant time period was $5,980.16. Forest's 2007 Profit and Loss Statement shows that Forest's costs of goods sold at that time was about 60% of gross income. *See* **Forest Trial Exhibit 49**, attached hereto. Applying this percentage of costs of goods sold to Forest's gross sales of S2 stilts, Forest netted only about $2,392.06, which is about $62.95 per set of stilts. Thus, penalties assessed in this case should not be more than $2,392.06.

## CONCLUSION

For the above and foregoing reasons, Bon Tool's request to reopen discovery and introduce new evidence into the record should be DENIED. Penalties should stand at the Court's previous amount of $500. If the Court determines greater penalties are warranted, penalties should be assessed based on the evidence introduced at trial, which reflects 38 S2 stilts sold in the relevant time period. Based on this amount, penalties should not be more than Forest's net proceeds from sales of the relevant S2 stilts or $2,392.06.

Respectfully submitted,

By:  */s/ Kristin K. Tassin*
**Kristin K. Tassin**
**DRY & TASSIN, P.L.L.C.**
Federal Bar No. 20522
State Bar No. 00797539
P.O. Box 421479
Houston, Texas 77242-1479
Telephone: (713) 223-0500
Facsimile: (713) 583-1064

**ATTORNEYS FOR PLAINTIFF**

THE FOREST GROUP, INC.

## CERTIFICATE OF SERVICE

A certificate of service must be included with all documents filed electronically, reflecting that service on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on April 12, 2010.

|  |  |
|---|---|
| By: | /s/ *Kristin K. Tassin* <br> _____ <br> Kristin K. Tassin |

Mr. Richard A. Ejzak
COHEN & GRIGSBY
11 Stanwix Street
15th Floor
Pittsburgh, Pa.  15222-1319

Andrea M. Johnson
Burleson Cooke LLP
711 Louisiana, Suite 1701
Houston, TX  77002