IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE FOREST GROUP, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4127 |
| | § | |
| BON TOOL COMPANY, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff The Forest Group, Inc. ("Forest") filed this patent infringement lawsuit against Defendant Bon Tool Company ("Bon Tool"). Bon Tool filed a counterclaim asserting, *inter alia*, false marking pursuant to 35 U.S.C. § 292. The case is before the Court on remand from the United States Court of Appeals for the Federal Circuit for recalculation of fines under § 292. *See Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1305 (Fed. Cir. 2009). The parties have fully briefed the issue. *See* Bon Tool's Brief [Doc. # 207]; Forest's Brief [Doc. # 211]; Bon Tool's Reply [Doc. # 213]. Also pending is Bon Tool's Motion to Reopen Discovery/Motion to Postpone Calculation of Fine ("Motion to Reopen Discovery") [Doc. # 208], to which Forest filed a Response [Doc. # 210], and Bon Tool filed a Reply [Doc. # 212]. Having carefully considered the record and the governing legal authorities, the Court **denies** the Motion to Reopen Discovery and imposes fines under § 292 at the per article rate of $180.00

for each of the 38 stilts for which there was evidence at trial of false marking, for a total fine of $6,840.00.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case is set forth in the Court's Findings of Fact and Conclusions of Law [Doc. # 179] and in the Federal Circuit's opinion, 590 F.3d at 1298. Briefly, Forest obtained United States Patent No. 5,645,515 ("the '515 Patent") that covers a stilt used primarily in the construction industry to enable persons working on suspended ceiling structures to walk around more freely while raised to an elevated height. The Court conducted a claim construction analysis, after which it was apparent that neither Forest's stilt nor Bon Tool's stilt met the limitations of the '515 Patent. The Court granted summary judgment for Bon Tool on the issue of non-infringement.

Following a non-jury trial on Bon Tool's various counterclaims, the Court found that Forest's "S2" series stilts were falsely marked with the '515 Patent number. The Court found that Forest genuinely believed that the S2 stilts were covered by the '515 patent, but also found that as of November 15, 2007, Forest had sufficient information that it could no longer maintain a reasonable belief that its S2 stilts were properly marked as covered by the '515 Patent. As a result, the Court found that from November 15, 2007, Forest was in violation of § 292. The Court construed § 292,

which provides for a fine of not more than $500 for every offense, as imposing a fine of not more than $500 for each decision to mark articles in violation of the statute. Consequently, the Court imposed a fine of $500 against Forest.

The Federal Circuit affirmed the Court's findings and conclusions except that it reversed the calculation of the fine, holding that the fine must be imposed separately for each falsely-marked article. *See Forest*, 590 F.3d at 1302. The Federal Circuit remanded the case to this Court for a recalculation of the § 292 fine.

## II.    MOTION TO REOPEN DISCOVERY

Bon Tool seeks to reopen discovery on remand to "permit Bon Tool to obtain information about Forest's false marking of the S2 stilts subsequent to trial." *See* Motion to Reopen Discovery, ¶ 16. The Federal Circuit did not remand the case for additional discovery. Whether to reopen discovery on remand is a matter within the discretion of the District Court. *See Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 572 (1943) (where the district court improperly interpreted and applied the controlling law in the case but did not restrict the introduction of evidence relevant to that point of law, whether additional evidence must be taken on remand is a question for the district court); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 331 (1971); *United States v. Bell Petroleum Servs., Inc.*, 64 F.3d 202, 204 (5th Cir.

1995); *Federal Deposit Ins. Corp. v. Whitlock*, 785 F.2d 1334, 1340 n.9 (5th Cir. 1986); *Rochez Bros., Inc. v. Rhoades*, 527 F.2d 891, 894 (3rd Cir. 1975).

Bon Tool seeks to reopen discovery in this case based on nothing more than its assumption that, because it recently obtained an S2 stilt from Forest that was falsely marked, Forest has been falsely marking S2 stilts since trial. Bon Tool's assumption is unsupported and contrary to Forest's explanation that Bon Tool obtained, erroneously, an S2 stilt that had been falsely marked prior to trial but remained in existence. The Court concludes that Bon Tool's assumption is an insufficient basis for the reopening of discovery on remand. The Court, therefore, exercises its discretion to deny the Motion to Reopen Discovery.

### III.   CALCULATION OF § 292 FINE

Section 292 provides for a fine of not more than $500 for every falsely-marked article. *See* 35 U.S.C. § 292(a); *Forest*, 590 F.3d at 1304. "By allowing a range of penalties, the statute provides district courts the discretion to strike a balance between encouraging enforcement of an important public policy[1] and imposing

---

[1] The Federal Circuit stated that "Congress' interest in preventing false marking was so great that it enacted a statute which sought to encourage third parties to bring *qui tam* suits to enforce the statute." *Forest*, 590 F.3d at 1303. The Federal Circuit also rejected Forest's argument that interpreting § 292 to require a "per article" calculation of the fine would "encourage 'a new cottage industry' of false marking litigation by plaintiffs who have not suffered any direct harm." *Id.*

(continued...)

disproportionately large penalties for small, inexpensive items produced in large quantities." *Forest*, 590 F.3d at 1304.

It is undisputed that the trial record establishes that there were 38 falsely-marked S2 stilts. The trial record also establishes that Forest sold the falsely-marked stilts at prices between $103.00 and $180.00. The Court finds that the appropriate fine in this case is $180.00 per article, the highest point of the price range. This will deprive Forest of more than it received for the falsely-marked stilts, fulfilling the deterrent goal of § 292's fine provision. Based on the $180.00 per article fine for the 38 falsely-marked stilts of which there was evidence at trial, the Court imposes against Forest a fine of $6,840.00 pursuant to § 292.

## IV.  **CONCLUSION AND ORDER**

Based on the foregoing, the Court denies Bon Tool's Motion to Reopen Discovery because Bon Tool's request is based only on the existence of a falsely-marked stilt that Forest explains was marked prior to trial in this case. The Court

---

(...continued)
It appears that Forest's prediction was accurate. Between the issuance of the Federal Circuit's decision on December 28, 2009, and April 2010, more than 139 false marking claims have been filed. As a result, and apparently inconsistent with the Federal Circuit's belief that Congress strongly favors § 292 litigation by parties with no injury, the Senate has pending a Patent Reform Amendment, Senate Bill S.515, which is designed not only to preclude future § 292 lawsuits by parties with no competitive injury, but also would apply retroactively to bar those lawsuits that are currently pending.

concludes that the appropriate fine is calculated based on a per article amount of $180.00, the highest price at which Forest sold any of the 38 falsely-marked stilts. Accordingly, it is hereby

**ORDERED** that Bon Tool's Motion to Reopen Discovery [Doc. # 208] is **DENIED**. It is further

**ORDERED** that Final judgment will be entered in favor of Bon Tool on the false marking claim in the amount of **$6,840.00**, one half payable to Bon Tool and one half to the United States.[2]  The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **27th** day of **April, 2010**.

_____
Nancy F. Atlas
United States District Judge

---

[2] One-half of the penalty goes to the party asserting the § 292 claim and the other half goes to the use of the United States.  *See* 35 U.S.C. § 292(b).